[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2010
JOHN LEY
CLERK

_____

No. 09-14689
Non-Argument Calendar

_____

D. C. Docket No. 08-01485-CV-RDP-PWG

LUTHER ALLEN SMITH,

Petitioner-Appellant,

versus

GARY HETZEL,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 9, 2010)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Luther Allen Smith, an Alabama state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We granted Smith's motion for a certificate of appealability ("COA") on the following issue only:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992), when it: (1) failed to address Smith's claim that counsel provided ineffective assistance with respect to the state's failure to prove the seven elements of capital murder; and (2) failed to address his claim that appellate counsel provided ineffective assistance when he failed to raise in a motion for a new trial the two non-procedurally-defaulted ineffective assistance claims raised in Smith's 28 U.S. C. § 2254 petition.

On appeal, Smith argues that the district court did violate *Clisby* as stated in the COA. Defendants respond that Smith's claim that trial counsel was ineffective for failing to argue that the state failed to prove the seven elements of capital murder "was effectively resolved by the district court's decision, even if not technically addressed." Defendants also assert that it is unnecessary to remand Smith's claim that appellate counsel was ineffective because "the district court already indirectly resolved the issue by finding that none of the claims of ineffective assistance of trial counsel were meritorious." Finally, Defendants contend that, regardless, it is unnecessary to remand because Smith's claim is meritless.

2

We "review *de novo* the district court's denial of habeas relief under 28 U.S.C. § 2254." *Gamble v. Sec'y, Dep't of Corr.*, 450 F.3d 1245, 1247 (11th Cir. 2006). Out of "deep concern over the piecemeal litigation of federal habeas petitions," we, in *Clisby*, exercised our supervisory authority over the district courts and instructed them to resolve all claims for relief raised in a petition for habeas corpus relief, regardless of whether habeas relief is granted or denied. 960 F.2d at 935-36. When a district court fails to resolve all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

Upon review of the record and the parties' briefs, we discern reversible error. Smith alleged two constitutional violations of his right to effective assistance of counsel, as he claimed that his trial counsel was ineffective for failing to argue that the state failed to prove the seven elements of capital murder and that his appellate counsel was ineffective for failing to allege ineffective assistance of trial counsel in a motion for new trial. The district court adopted the magistrate judge's report after *de novo* review of the record, but the magistrate judge failed to mention, consider, or rule on those two claims. Contrary to Defendants claims, the district court's decision did not indirectly resolve these claims. Moreover, the merits of Smith's claims are irrelevant when considering

3

whether the district court resolved Smith's claims under *Clisby*. *See id.* at 935-36.

Because the record shows that the district court failed to address or resolve Smith's claims that: (1) his trial counsel was ineffective for failing to argue that the state failed to prove the seven elements of capital murder; and (2) his appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel claims in a motion for a new trial, the district court's judgment violated *Clisby*. Thus, we vacate the judgment without prejudice and remand for the district court to resolve these claims.

VACATED AND REMANDED.